Baldwin, J.
delivered the opinion of the Court.
It seems to the Court, that upon the question at the trial, whether the alleged purchase by the relator, of the slaves in the proceedings mentioned, from Jonathan Cook, was fradulent and void as against the creditors of the latter, it would have been proper for the County court to have instructed the jury, that if it appeared to them from the evidence that the said Jonathan Cook sold the said slaves to the relator, and executed to him an absolute bill of sale therefor, but that the possession of said slaves did not accompany such sale, but remained with the vendor, then that such retention of possession by the vendor was prima facie evidence of such fraud, but not conclusive; and was liable to be repelled by satisfactory legal evidence of the fairness and good faith of the transaction. And it therefore seems to the Court, that the five several instructions given by the County court to the jury, and excepted to by the relator, in reference to such sale and retention of possession by the said Jonathan Cook, or by Eli & Jonathan Cook, were erroneous, inasmuch as they assert that such sale was in itself fraudulent and void as against the creditors of the said Jonathan Cook.
And it further seems to the Court, that the County court erred in instructing the jury, “that if they believed from the evidence that Jonathan Cook, or Eli & Jonathan Cook, made an absolute bill of sale of the slaves aforesaid, upon the condition that the relator would give to the said Cook an obligation binding him *205 self to cancel all the papers, at any time that the said Cook would produce a receipt shewing that a certain debt due from the relator to the Salem Bank was settled, then the said bill of sale operated as a mortgage, and if it was not recorded according to law, was and void as to creditors, and the jury ought to find for the defendants;" for besides other objections to that instruction, if such obligation had been actually executed it could have operated at most only as a conditional defeasance, and have availed nothing without performance of the condition.
And it further seems to the Court, that the County court erred in its instruction to the jury, “ that if they should believe from the evidence, that the slaves aforesaid were the joint property of Eli & Jonathan Cook, that the said Jonathan Cook could not convey the interest of Eli Cook without his knowledge and consent, and the relator claiming title to the whole property could not recover in this action;" for without expressing any opinion upon a question not presented by the instruction, as to the effect of such a sale by Jonathan Cook, if the same was acquiesced in by Eli Cook, or the proceeds thereof applied to the payment of executions against him levied upon the property, the instruction imports the erroneous proposition, that in an action upon an imdemnifying bond, the relator cannot recover damages for a limited or undivided interest in the property seized and sold, under a general allegation in the declaration of his ownership of the property; whereas the variance is immaterial except as regards the damages, as to which a part owner who is sole relator can recover only for the value of his share ; and if objection to the non-joinder as relator of another part owner be at all available in such an action, it can only be made so by pleading it in abatement.
And it further seems to the Court, that the County Court erred in its instruction to the jury, “ that if the *206 slaves aforesaid were the partnership property of Eli & Jonathan Cook, that Jonathan Cook, one of the partners, had no right to execute a sealed instrument in the name of the firm, without a special agreement authorizing him to do so, or unless done in the presence and with the approbation of Eli Cook, and that the bill of sale given in evidence to the jury, being an instrument of that description, is void, and conveys nothing to the relator:" for there was evidence before the jury tending to prove that, at the time of the sale of said slaves to the relator, executions against Eli Cook were levied on them by the sheriff, and that the said slaves were sold by Jonathan Cook, at their value, to the relator, for the purpose of satisfying the said executions, and the purchase money so applied; and although the said bill of sale was not the deed of the said Eli Cook, so as to subject him to an action of covenant thereupon, unless executed by his authority, yet that the said Jonathan having authority by law as partner to sell partnership effects, his sale thereof was obligatory upon and passed the title of the firm, unless made in fraud of his co-partner to a collusive purchaser, and in any state of the case passed his own interest in the property.
And it further seems to the Court, that the County court did not err in refusing to give the instruction moved by the relator, as stated in his first bill of exceptions, in regard to supposed secondary evidence of the contents of a supposed written instrument, there having been in fact no evidence before the jury in relation to the contents or even existence of any such instrument.
And it further seems to the Court, that the bill of exceptions of the relator to the decision of the County court overruling his motion for a new trial has not been well taken, inasmuch as it sets forth the testimony of the witnesses, including those of the relator, instead of stating the facts proved by their evidence, and there *207 fore, that the merits of that question are not presented by the record for the consideration of this Court.
It is, therefore, considered by the Court, that the judgment of the Circuit court, affirming that of the County court, is erroneous, and that the same be reversed and annulled, with costs to the plaintiff in error. And this Court proceeding, &c., it is further considered, that the judgment of the County court be reversed and annulled, with costs to the plaintiff, that the verdict of the jurors be set aside, and the cause is remanded to the County court for a new trial thereof, upon which new trial that Court is to govern itself, in any instructions to the jury, by the principles above declared? so far as the same may be applicable thereto.